# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROXANNE PIERNICKI, ) | |
| ) | Case No: |
| Plaintiff, ) | |
| ) | |
| PORTFOLIO RECOVERY ) | **COMPLAINT AND** |
| ASSOCIATES, LLC AND ) | **DEMAND FOR JURY TRIAL** |
| BRUMBAUGH & QUANDAHL, ) | |
| P.C. LLC, ) | |
| ) | |
| Defendants ) | |

1. This is an action for damages brought by Plaintiff, Roxanne Piernicki ("Plaintiff"), an individual, for Portfolio Recovery Associates, LLC ("PRA") and Brumbaugh & Quandahl, P.C. LLC's ("B&Q") (collectively, "Defendants") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Nebraska, County of Sarpy, and City of Omaha.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant PRA is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant B&Q is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. B&Q is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Plaintiff, via her counsel, sent notice to PRA dated May 1, 2012, and in such notice, stated that Plaintiff was represented by counsel. (*See* 5-1-2012 Notice, attached hereto as Exhibit A).

15. PRA received Plaintiff's notice of representation on May 4, 2012 at 10:38 A.M. (*See* 5-4-2012 Receipt, attached hereto as Exhibit B).

16. Upon receipt, PRA had actual knowledge that Plaintiff was represented by counsel.

17. On or before May 22, 2012, PRA hired B&Q to collect the alleged debt from Plaintiff.

18. Upon information and good-faith belief, at the time PRA hired B&Q, PRA provided B&Q with Plaintiff's notice of representation and thus B&Q possessed actual knowledge that Plaintiff was represented by counsel.

19. In the alternative, upon information and good-faith belief, prior to B&Q's May 22, 2012 communication, PRA intentionally failed to notify B&Q, its agent in fact, that Plaintiff was represented by counsel.

20. Upon information and good faith belief, PRA intentionally failed to notify B&Q that Plaintiff was represented by counsel for the express purpose of having B&Q

contact Plaintiff for the purpose of engaging in collections activity with regard to an alleged debt in default.

21. In connection with the collection of an alleged debt in default, B&Q, itself and on behalf of PRA, sent initial written communication dated May 22, 2012 directly to Plaintiff, and in such communication, stated in relevant part(s):

> Brumbaugh & Quandahl P.C., LLC
> 4885 South 118th St. STE 100
> Omaha, NE 68137
> Toll Free: (877) 393-3993
> Fax: (402) 554-0339
> Website:www.bqlaw.com
> May 22, 2012
>
> RE: Portfolio Recovery Associate, LLC
> Account#: ************4683
> Claim Balance: $1,372.20
> Interest Balance: $164.44
> Total with Interest: $1,536.64

\* \* \* \*

The above balance may or may not include accruing interest.

(*See* 5-22-2012 written communication, attached hereto as Exhibit C).

22. Upon information and good-faith belief, B&Q was directed by PRA to send or reasonably believed that PRA wanted it to send, the May 22, 2012 communication directly to Plaintiff.

23. B&Q's May 22, 2012 initial communication failed to clearly indicate whether interest would continue to accrue on the alleged debt.

24. Plaintiff's counsel did not consent to any direct communication with Plaintiff by B&Q.

25. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from B&Q.

26. Defendants' actions constitute conduct highly offensive to a reasonable person.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
### DEFENDANT B&Q

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. B&Q violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, where B&Q had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given B&Q permission to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that B&Q violated the 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## DEFENDANT PRA

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. PRA violated 15 U.S.C. § 1692c(a)(2) by giving B&Q actual authority to communicate with Plaintiff directly after learning that Plaintiff is being represented by counsel, where B&Q had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given B&Q permission to contact Plaintiff directly.

31. Additionally, PRA, by virtue of its status as a "debt collector" under the FDCPA, is vicariously liable for B&Q's violation of 15 U.S.C. § 1692c(a)(2), the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT PRA

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. In the alternative, PRA violated 15 U.S.C. § 1692f by intentionally failing to notify B&Q that Plaintiff was represented by counsel for the express purpose of having B&Q directly contact Plaintiffs to engage in collections activity with regard to the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT B&Q

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. B&Q violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that B&Q violated the 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT PRA

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. B&Q violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

8

38. PRA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of B&Q, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692e(10)
### DEFENDANT B&Q

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. B&Q violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting whether interest was accruing on the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that B&Q violated the 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT PRA

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. B&Q violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting whether interest was accruing on the alleged debt.

43. PRA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of B&Q, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the 15 U.S.C. § 1692e(10);

10

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## DEFENDANT B&Q

44. Plaintiff repeats and re-alleges each and every allegation contained above.

45. B&Q violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged debt to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that B&Q violated the 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## DEFENDANT PRA

46. Plaintiff repeats and re-alleges each and every allegation contained above.

47. B&Q violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged debt to Plaintiff.

48. PRA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of B&Q, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and

proper.

## **TRIAL BY JURY**

49. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 7, 2012

                Roxanne Piernicki, Plaintiff,

                By:/s/ JD Haas
                JD Haas, Esq., #22843
                Attorney for Plaintiff
                *JD HAAS AND ASSOCIATES, PLLC*
                10564 France Avenue South
                Bloomington, MN 55431
                Telephone:   (952) 345-1025
                Facsimile:   (952) 854-1665
                Email:
                JDHAAS@ATTORNEYSFORCONSUMERS.COM

            *Co-counsel with WEISBERG & MEYERS, LLC*

                5025 N. Central Ave. #602
                Phoenix, AZ 85012
                Not admitted before this Court
                ECF@ATTORNEYSFORCONSUMERS.COM